UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GIEUVOIS CADEJUSTE,

     Plaintiff,

v.                                    Case No.  3:16cv465/MCR/CJK

MAILROOM SUPERVISOR LOCKE, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff, a prisoner proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 (doc. 7), a motion for the court to reconsider its assessment of a $4.67 initial partial filing fee (doc. 9) and a second motion to proceed *in forma pauperis* (doc. 8).  Upon review of plaintiff's pleadings, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process, and that plaintiff's pending motions should be denied as moot.

     Plaintiff is an inmate of the Florida Department of Corrections currently confined at Santa Rosa Correctional Institution (Santa Rosa CI).  (Doc. 7).  Plaintiff is suing at least 25 prison officials at Santa Rosa CI, including mailroom staff, health care providers, an ADA coordinator, an investigator, the warden and several officers, claiming they are violating his rights under the Constitution and the Americans with Disabilities Act in various ways.  (Doc. 7).  Plaintiff's original complaint, which was

filed on the court form, provides plaintiff's answers to questions concerning his litigation history. (Doc. 1, pp. 3-5). Plaintiff's amended complaint, which was not filed on the court form, makes no disclosure of plaintiff's prior litigation. (Doc. 7).

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Reviewing plaintiff's original complaint filed on the form, on page three of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 3) (emphasis in original). Where are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), plaintiff marked "Yes". (*Id*.). Plaintiff then disclosed that he had filed a lawsuit against Santa Rosa CI Mailroom Supervisor Locke in the state court sitting in St. Lucie County. (*Id*.). Also on page three of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 3) (emphasis in original). Where are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "Yes". (*Id*.). Plaintiff then disclosed

that he filed a lawsuit against the Department of Corrections in "Washington D.C.". (*Id*.).

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question:  "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  (Doc. 1, p. 4) (emphasis in original).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "No", and disclosed no cases.  (*Id*.).  Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question:   "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed."  (Doc. 1, p. 4) (emphasis in original). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No", and disclosed no cases.  (*Id*.).

At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "**I DECLARE UNDER PENALTY OF PERJURY**

**THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL
CONTINUATION PAGES, ARE TRUE AND CORRECT.**"  (Doc. 1, p. 7)
(emphasis in original).  Thus, plaintiff has, in effect, stated that at the time he filed
his complaint, he had not initiated any other actions in federal court that related to
the conditions of his confinement, or that were dismissed prior to service.  As
indicated above, plaintiff's amended complaint was not filed on the court form and
disclosed no prior lawsuits.  (Doc. 7).

  As a matter of course, the court attempts to make an independent investigation
into whether or not litigants truthfully complete the complaint forms, especially
when a lack of candor in informing the court of prior lawsuits may affect the court's
jurisdiction.  In light of 28 U.S.C. § 1915(g), the court must necessarily investigate
the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The
time spent verifying the cases a plaintiff has filed but failed to identify, as well as
the claims raised in those cases and their disposition, can be considerable.

  The court takes judicial notice that at the time plaintiff filed his complaint in
this case, plaintiff had initiated two previous lawsuits in the United States District
Court for the Southern District of Florida that required disclosure.  *See Cadejuste v.
Zambrano*, Case No. 2:07cv14014-JEM (federal civil rights action filed by plaintiff
while confined at the St. Lucie County Jail, complaining about the conditions of

confinement at the jail; dismissed on January 25, 2008, for lack of prosecution);

*Cadejuste v. St. Lucie Cnty. Sheriff Dep't*, Case No. 2:09cv14013-KMM (federal

civil rights action filed by plaintiff while confined at Lake Correctional Institution,

re-filing claims complaining about the conditions of confinement at the St. Lucie

County Jail; dismissed on September 30, 2009, for plaintiff's failure to comply with

the court's order that he file an amended complaint). Both cases may be positively

identified as having been filed by plaintiff, because they bear his name, his Florida

Department of Corrections' inmate number, DC #K60131, and his previous St. Lucie

County Jail inmate number 10802. Plaintiff did not disclose either of these prior

federal actions despite the complaint form's instructions.

The court has the authority to control and manage matters such as this pending

before it, and plaintiff's *pro se* status does not excuse him from conforming to

acceptable standards in approaching the court. If the court cannot rely on the

statements or responses made by the parties, it threatens the quality of justice. The

court will not tolerate false responses or statements in any pleading or motion filed

before it. Here, plaintiff falsely responded to questions on the complaint form, as

detailed above. Plaintiff knew from reading the complaint form that disclosure of

all prior civil cases was required. The complaint form expressly warns prisoners:

"FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE

DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3).  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The court should not allow plaintiff's false responses to go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process.

2.  That plaintiff's second motion to proceed *in forma pauperis* (doc. 8) and his motion for reconsideration (doc. 9) be DENIED as moot.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 12th day of December, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.